Dear Honorable Terrill,
The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions:
(1) Would it be a violation of Oklahoma law for a political actionorganization composed of voluntary members of a nonprofit corporation touse employees, office space, equipment and supplies of said corporationfor the purpose of obtaining funds from such voluntary members for use bythe political action organization?
 (2) If prohibited, would the prohibition be overcome if the politicalaction organization reimbursed the corporation for the use of suchemployees, office space, equipment and supplies?
Article IX, Section 40 of the Oklahoma Constitution provides:
 "No corporation organized or doing business in this State shall be permitted to influence elections or official duty by contributions of money or anything of value."
Title 26 O.S. 15-110 (1979) provides:
 "No corporation chartered under the laws of this state, or foreign corporation admitted to do business in this state, shall contribute to any campaign fund for or against a state question, or any campaign fund of any political party of this state or to any other person for the benefit of such party or its candidates, nor shall they, through any agent, officer, representative, employee, attorney, or any other person or persons, so contribute. Nor shall any such corporations, except a banking corporation in this state, directly or through such other person, make any loan of money or anything of value, or give or furnish any privilege, favor or other thing of value to any political party, or to any representative of a political party, or to any other person for it, or to any candidate upon the ticket of any political party. The provisions of this section shall apply to candidates as well as political parties. When any official, agent, attorney, or employee of a corporation has been shown to have violated the provisions of this section, it shall be presumed that he was acting for such corporation, and the burden shall be upon the accused corporation to show that such official, agent, attorney or employee was not acting for it or with its sanction."
The only exception regarding corporate campaign contributions was pronounced in Att'y. Gen. Op. No. 78-188 (December 28, 1978), mandated by the recent Supreme Court decision of First National Bank of Boston v. Bellotti, 435 U.S. 765, 98 S.Ct. 1407, 55 L.Ed.2d 707, reh. den., (US)98 S.Ct. 3126, 57 L.Ed.2d 1150 (1978). Att'y. Gen. Op. No. 78-188 holds, in pertinent part, as follows:
 "In light of the recent United States Supreme Court decision of the case of First National Bank of Boston v. Bellotti, corporations chartered or domesticated under the laws of the State of Oklahoma may make contributions in cash or kind for or against the passage of a state question appearing on the ballot by referenda or initiative petition. That portion, and only that portion, of Title 70 O.S. 15-110 (1977), which prohibits corporate contributions for or against a state question is unconstitutional under the First
and Fourteenth Amendments to the United States Constitution. Similarly, Article IX, Section 40, Oklahoma Constitution, is interpreted as not prohibiting corporate contributions for or against the passage of state questions appearing on the ballot by referenda or initiative petition."
Except for corporate contributions for or against the passage of state questions appearing on the ballot by referenda or initiative petition, Article IX, Section 40 of the Oklahoma Constitution as well as 26 O.S. 15-110 (1979) prohibits corporations, of whatever character, from influencing elections by contributions of money or things of value directly or indirectly.
A similar inquiry was considered in Att'y. Gen. Op. No. 77-160 (February 28, 1978) in which it was held that under 26 O.S. 15-110 (1977) and Article IX, Section 40 of the Oklahoma Constitution a corporation may not bear administrative overhead expenses for a political action committee or organization composed of corporate employees. The conclusion that corporations may not contribute to any campaign, directly or indirectly, in Oklahoma is inescapable upon analyzing the applicable statutes and constitutional provisions. Thus, the corporation providing a political action organization, employees, office space, equipment and supplies could do so only if such gratuities were used for purposes other than those prohibited by Article IX, Section 40 of the Oklahoma Constitution and 26 O.S. 15-110 (1979) and not otherwise prohibited by law.
The answer to your first question is dispositive of the issue raised in your second question to the extent that corporations may not contribute to any campaign, directly or indirectly, in Oklahoma and the furnishing of any type of gratuity or thing of value, however slight, is not changed by reimbursement at some later date by the political action organization to the corporation involved.
It is, therefore, the official opinion of the Attorney General thatyour questions be answered as follows: (1) Under 26 O.S. 15-110 (1979),which prohibits corporate campaign contributions, and under theprovisions of Article IX, Section 40 of the Oklahoma Constitution, acorporation may not bear administrative overhead expenses for a politicalaction committee composed of its employees nor may it provide employees,office space, equipment and supplies to said political actionorganization for the purpose of obtaining funds from such voluntarymembers for use by the political action organization if such use is forany purpose prohibited by 26 O.S. 15-110 (1979) or Article IX, Section 40of the Oklahoma Constitution. (2) If prohibited, the furnishing ofemployees, office space, supplies and equipment may not be provided bythe corporation to the political action organization under an arrangementfor subsequent reimbursement.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL JACKSON, ASSISTANT ATTORNEY GENERAL